

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2004

# Amiot v. Kemper Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Amiot v. Kemper Ins Co" (2004). *2004 Decisions.* Paper 54.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/54

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2521

———————

G. THOMAS AMIOT,

Appellant

v.

KEMPER INSURANCE COMPANY;
KEMPER AUTO AND HOME INSURANCE COMPANY;
STEVE THOMPSON

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cv-00718)
District Judge: John E. Jones, III

———————

Submitted Under Third Circuit LAR 34.1(a)
on September 27, 2004

Before: ROTH, BARRY and GARTH, <u>Circuit Judges</u>

(Opinion filed : December 21, 2004)

ROTH, <u>Circuit Judge</u>.

G. Thomas Amiot appeals from an order of the United States District Court for the Middle District of Pennsylvania, granting a motion to dismiss in favor of Kemper Insurance Company, Amiot's employer, on Amiot's discrimination claims under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the Pennsylvania Human Relations Act (PHRA). The District Court held that Amiot's complaint contained only bald assertions regarding his ADA and ADEA claims and that he had failed to show that he was disabled within the meaning of the ADA or that he was qualified for his position or discharged from it in violation of the ADEA. Furthermore, the District Court held that, absent sufficient claims under the ADA and ADEA, plaintiff could not have a cause of action under the PHRA. Amiot appealed.

We review *de novo* the District Court's decision to grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss. A Rule 12(b)(6) motion should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must view the material allegations of the complaint in the light most favorable to the plaintiff and "draw reasonable factual inferences ... to aid the pleader." *D.P. Enter. v.*

*Bucks County Community College*, 725 F.2d 943, 944 (3rd Cir. 1984).  However, the court should reject unsupported allegations, "bald assertions", or "legal conclusions." *Morse v. Lower Marion School Dist.*, 132 F.3d 902, 906 (3rd Cir. 1998).

The District Court had jurisdiction of this case under 28 U.S.C. § 1331.  We have jurisdiction of the appeal under 28 U.S.C. § 1291.

In November 1999, Amiot was hired by Kemper as a Personal Lines Underwriting Manager in their Scranton office.  Amiot was 55 when he was hired.  Before accepting the position, Amiot told Kemper that he did not have a technical background in underwriting.  Kemper downplayed the importance of possessing this background. Amiot became anxious, exhausted, and depressed as a result of his job duties and friction with his supervisor.  In January 2003, he sought treatment from a psychiatrist and took a paid leave of absence.  At the end of his leave, Amiot was able to return to work with the sole limitation that he not work under his old supervisor.  Kemper's Human Resources department provided Amiot with different job options in the Scranton and Norristown area.  Amiot refused the opportunities because he did not feel he could work in the Scranton area and he was not qualified for the programmer positions in the Norristown area. The Human Resource agent indicated that Amiot should contact Kemper's Human Resources office in Long Grove, Illinois, to inquire about other open positions.     **I.**

**Amiot's ADEA Claim**

The ADEA prohibits employer discrimination on the basis of age. *See* 29 U.S.C. §623 (a)(1). To prove an action under the ADEA, a plaintiff must first establish a *prima facie* case, which creates a presumption of unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). The burden then shifts to the defendant to produce evidence that the decision to discharge the plaintiff was neutral rather than based on discrimination. *Id*. If the defendant articulates a legitimate business reason, the presumption is wiped away. *Seman v. Coplay Cement Co.*, 26 F.3d 428, 432 (3d. Cir. 1996). The plaintiff then must give evidence that the employer's articulated reason was merely pretext for what in reality was discriminatory motivation. *Simpson v. Kaye Jewelers*, 142 F.3d 639, 644 n. 5 (3d Cir. 1998). We agree with the District Court that Amiot failed to establish a *prima facie* case of age discrimination and therefore it is not necessary to reach the burden shifting analysis.

Based on the complaint, Amiot fails to provide evidence that he was discharged from his job. In fact, he admits that he has not been officially discharged from the company. Kemper's actions toward Amiot included placing him on a leave of absence, providing him with potential job openings upon his return, and offering additional assistance in his job search. As stated by the District Court, the facts infer that Amiot voluntarily abandoned his job search and position within the company. Moreover, in view of Amiot's belief that he did not have a technical background in underwriting, he may not have been qualified for the position and that lack of qualification may in fact be

4

the cause of his problems in attempting to perform it.

## II. Amiot's ADA Claim

To establish a *prima facie* case under the ADA the plaintiff must show that he is (1) disabled within the meaning of the ADA, (2) can perform essential functions of his job with or without reasonable accommodations, and (3) suffered an adverse employment action as a result of his discrimination based on his disability. *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000); *Gaul v. Lucent Technologies Inc.*, 134 F.3d 576 (3d Cir. 1998). Because we agree with the District Court's holding that Amiot is not disabled within the meaning of the ADA, there is no need to go on to elements two and three.

An individual can establish he is disabled under the ADA by showing that he has (1) a physical or mental impairment that substantially limits one or more of his major life activities, (2) a record of such an impairment, or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2)

We conclude that the allegations Amiot makes in the complaint, even when taken in the light most favorable to him, fail to establish that he had an impairment which substantially limited a major life activity. *See Toyota Motor Manu., Kentucky Inc. v. Williams*, 534 U.S. 184, 197 (2002). Amiot's bald assertions are insufficient. Amiot admits that he was capable of returning to work after seeking treatment, and he provides evidence of this, a doctor's note. This evidence is inconsistent with the notion that Amiot continued to be substantially limited in a major life activity after his treatment.

5

Moreover, Amiot claims that his disability only limits him from working under the same supervisor and within the Scranton area. Amiot is only limited in the specific location of one job rather than in the ability to perform a broad class of jobs. The allegations in Amiot's complaint are insufficient to establish that he is substantially limited in performing any major life activity, including that of working.

Absent an actual impairment, an individual can meet the definition of disabled if his employer regards him as having an impairment that substantially limits one or more of his major life activities. Again, we conclude that Kemper did not regard Amiot as having a disability. The complaint establishes that Amiot's employer, Kemper, was aware of his impairment but fails to demonstrate that the employer viewed this impairment as substantially impairing Amiot's ability to work. The complaint alleges that upon Amiot's return from his leave of absence, Kemper acknowledged that Amiot was capable of returning to work and presented him with different options in various locations and classes of jobs. In response to Amiot's claim that he was not qualified for these positions, Kemper directed Amiot to its Long Grove, Illinois, Human Resources office. We cannot infer from these actions that Kemper viewed Amiot's impairments as substantially limiting his ability to work in a broad range of jobs.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.[1]

---

[1] Because we have found that the Amiot has failed to state a claim under the ADA and ADEA, it follows that he has also failed to state a claim under the PHRA. *See Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).