William A. DUGAN, Arlene H. Jones, Jane J. Roberts, Roseann Mainolfi, and Ethel Coslett, Plaintiffs,

v.

PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, Defendant.

Civ. No. 3:CV–93–0987.

United States District Court, M.D. Pennsylvania.

Dec. 15, 1994.

Peter G. Loftus, Scranton, PA, for William Dugan, Arlene Jones, Jane Roberts, Roseann Mainolfi.

Anthony J. Lupas, Jr., Wilkes Barre, PA, for Ethel Coslett.

Donald H. Brobst, Joseph G. Ferguson, Rosenn, Jenkins & Greenwald, Wilkes Barre, PA, for Pennsylvania Millers Mut. Ins. Co.

## MEMORANDUM

KOSIK, District Judge.

Presently before the court is defendant's motion for summary judgment. The parties have submitted the proper briefing so that the motion is ready for disposition. For the reasons presented below, the court grants the motion for summary judgment.

## I. BACKGROUND

On June 30, 1993 plaintiffs filed a nine count complaint against defendant Pennsylvania Millers Mutual Insurance Company ("Pennsylvania Millers" or the "Company"), alleging sex and age discrimination, breach of contract, wrongful discharge, intentional infliction of emotional distress, violations of the Equal Pay Act and ERISA.[1] Plaintiffs have withdrawn all counts except the first four, sex and age discrimination under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act. Plaintiffs have also withdrawn their request to proceed as a class action.

The five plaintiffs worked for the defendant Pennsylvania Millers Insurance Company in various positions and for varying periods of time. All five were terminated on or about July 10, 1991. Plaintiffs contend that they were terminated because of their age and/or sex, depending on the particular plaintiff.[2]

Defendant filed a motion for summary judgment and supporting brief on April 11, 1994. The company asserts that the plaintiffs' (and nine other employees') positions were eliminated due to a "structural reorganization", and that their termination was not reflective of the age or sex of the employee. Plaintiffs filed an opposition brief on June 27, 1994.

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure states that:

> the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has held that Rule 56(c), "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). Summary judgment will not lie, "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty*

---

1. The court consolidated two actions, 93–CV–0987 and 93–CV–1034 on July 13, 1993 (Document 3).

2. Plaintiff William A. Dugan was fifty-two when terminated. Arlene H. Jones was fifty-four, Jane Roberts was forty-five, Roseann Mainolfi was forty-six, and Ethel Coslett was fifty.

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The Court has analyzed and set forth the respective burdens on the moving and non-moving parties to support or overcome a motion for summary judgment. Initially, the moving party must show the absence of a genuine issue concerning any material fact. *Celotex*, 477 U.S. at 329, 106 S.Ct. at 2554. Where as in the instant case, the moving party does not have the burden of proof on the relevant issues (e.g., as defendant), the district court must determine if the deficiencies in the opponent's (i.e., plaintiff's) evidence designated in the motion entitle the moving party to judgment as a matter of law. *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir.1990) (*citations omitted* ).

Once the moving party has satisfied its burden, the non-moving party must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514. "Such affirmative evidence, regardless of whether it is direct or circumstantial—must amount to more than a scintilla, but may amount to less ... than a preponderance." *Williams v. Borough of West Chester*, 891 F.2d 458, 460–61 (3d Cir.1989). The affirmative evidence must consist of verified or documented materials. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Mere conclusory allegations or denials taken from the pleadings are insufficient to withstand a motion for summary judgment once the moving party has set forth a documentary case. *See Schoch v. First Fidelity*, 912 F.2d 654, 657 (3d Cir.1990).

In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249–250, 106 S.Ct. at 2511.

## III. DISCUSSION

The Supreme Court and our appellate court have outlined four methods of establishing employment discrimination: (1) pure discrimination; (2) pretext; (3) mixed-motives; and (4) disparate impact. *See Mardell v. Harleysville Life Ins. Co.*, 31 F.3d 1221, 1224 (3d Cir.1994). The plaintiffs have not specified under which theory or theories they are proceeding. They combine and confuse the doctrines, such that it is nearly impossible to determine the proper legal analysis to utilize to examine the claims. We therefore will divide the claims accordingly and provide a brief analysis under each applicable theory.

### "Pure Discrimination"/"Mixed Motive"

■■ A "pure discrimination" case arises in the rare instance when actual "direct" or "smoking gun" evidence of discrimination is available, i.e., "word, action, or deed of defendant demonstrating discriminatory motive". *See Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 897 (3d Cir.1987), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). In such a case, elements of proof are no different from any other case. *Id.*

■■ A "mixed motive" case is one in which both legitimate and illegitimate factors contribute to the employment decision. To establish a "mixed motive" case the plaintiff must also present evidence of direct discrimination:

[A "mixed motive"] case differs from a pretext case in that the plaintiff must present evidence of illegal discrimination, "sufficiently strong to shift the burden of proof to the employer," meaning that the plaintiff must adduce "direct evidence" of discrimination....

*Mardell* at 1225, n. 6, *quoting and citing inter alia, Price Waterhouse v. Hopkins*, 490 U.S. 228, 277–78, 109 S.Ct. 1775, 1805, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring).

Plaintiffs appear to admit that there is no "direct" or "smoking gun" evidence of age or sex discrimination on the part of the defen-

dant,[3] nor was the court able to find such direct evidence upon independent review of the record. Thus, from the outset, we may eliminate the two types of discrimination cases discussed above, the "pure discrimination" and "mixed motives" theories, as both are dependent upon evidence of "direct" discrimination.

### "Pretext" Case

■ The failure of plaintiffs to present direct "smoking gun" evidence is not necessarily lethal to their case.[4] As the courts have outlined at length, plaintiffs are able to demonstrate through circumstantial or indirect evidence that they were the victim of discrimination, utilizing a framework of shifting evidentiary burdens established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) *and Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (*"Burdine"*).[5]

■ The framework consists of three separate steps:

(1) Plaintiffs have the initial burden of proving by a preponderance of the evidence a *prima facie* case of discrimination. If the plaintiffs succeed in creating a *prima facie* case, then they have created a presumption of discrimination.

(2) The burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for the employees' termination. If the Defendant's evidence creates a genuine issue of fact, the presumption of discrimination drops from the case.

(3) Finally, the plaintiffs, to satisfy their ultimate burden of persuasion, must prove by a preponderance of the evidence that the defendant's proffered reasons were a pretext for discrimination.

*See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824 *and Burdine*, 450 U.S. at 252–56, 101 S.Ct. at 1093–95.

### Prima Facie Case

■ To make out a *prima facie* case of employment discrimination, the plaintiffs must demonstrate four elements by a preponderance of the evidence: (1) that they are a member of a protected class; (2) that they were qualified for the position; (3) that they were dismissed despite being qualified; and (4) that non-members of the protected class were treated more favorably, i.e., that they were replaced by persons not in the protected class. *St. Mary's Honor Center v. Hicks,* — U.S. —, —, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993) (*Hicks*).

■ There is no dispute that plaintiffs were in protected classes and that they were discharged.[6] Defendant argues that plaintiffs have not established the remaining elements of the *prima facie* case, namely that plaintiffs were qualified for their positions and were replaced by similarly situated persons not in the protected classes.[7] However, recognizing that a *prima facie* case is easily made out and is rarely the focus of ultimate disagreement, *see Ezold v. Wolf, Block, Schorr and Solis–Cohen*, 983 F.2d 509, 522 (3d Cir.1992), *cert. denied*, — U.S. —, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993), the court will deem that the plaintiffs have established a *prima facie* case. The case will be disposed of at a later stage of the *McDonnell Douglas/Burdine* test.

### Non–Discriminatory Rationale

■ Once plaintiffs have established their *prima facie* case, they have created a pre-

---

3. *See* plaintiffs' brief (Document 37) at p. 16.

4. *But see infra*, note 8.

5. "In most cases, however, specific intent to discriminate will not be demonstrated by 'smoking gun' evidence. Because in most employment discrimination cases direct evidence of the employer's motivation is unavailable or difficult to acquire, the Supreme Court has articulated a method of proof that relies on presumptions and

shifting burdens of production." *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 897 (3d Cir. 1987), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). *Id. Also see, Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

6. *See* defendant brief at p. 18.

7. *Id.* at pp. 18–20. *See* Petchel declaration at paragraphs 12–15.

sumption or inference of unlawful discrimination. *See Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1078 (3d Cir.1992). The burden of production now shifts to the employer to provide a legitimate nondiscriminatory explanation for the employer's adverse employment action. *See Hicks, supra,* — U.S. —, —, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993); *Seman v. Coplay Cement Co.,* 26 F.3d 428, 432 (3d Cir.1994).

 This, defendant clearly has done. The declaration of Sharon Petchel (Document 24, paragraphs 4–15) supports the Company's claim that the plaintiffs were terminated as part of a "structural reorganization designed to maximize automation capabilities and streamline its operations," and not due to sex or age discrimination.

*Pretext of Discrimination*

 Once the employer answers its "relatively light burden" by articulating a legitimate reason for the unfavorable employment decision, the presumption of discrimination has now "dropped out of the picture". *Hicks, supra,* — U.S. at —, 113 S.Ct. at 2749. The burden of production rebounds to the plaintiff to show by a preponderance of the evidence that the employer's explanation is pretextual. *See Mardell, supra,* 31 F.3d at 1225, n. 6. Pretext may be proved either directly by persuading the court that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is unworthy of credence. *Hicks,* — U.S. at —, —, 113 S.Ct. 2742, 2760 (Souter, J., dissenting), *quoting Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

 The Supreme Court has recently emphasized that the "ultimate burden of per-

suasion" remains with the Title VII plaintiff. *Hicks,* — U.S. —, —, 113 S.Ct. 2742, 2749.[8] The plaintiff must convince the factfinder, "both that the [proffered] reason was false, *and* that discrimination was the real reason." *Mardell,* 31 F.3d at 1225, n. 6, *citing Hicks,* — U.S. at —, 113 S.Ct. at 2749 (emphasis in original):

> It is not enough to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination.... To prevail, the plaintiff must ultimately prove not that the illegitimate factor was the sole reason for the decision, but that the illegitimate factor was a *determinative* factor of the employment decision, that is, that but for the protected characteristic, the plaintiff would have been, for example hired or promoted. *See Hazen Paper Co. v. Biggins,* — U.S. —, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993).

*Id.*

Plaintiffs offer the following information to establish that defendant's proffered rationale, the structural reorganization, was not worthy of credence:

> The alleged legitimate business reasons which the Defendants argue is their "sole deciding factor", is thus pretextual, not only demonstrated by the fact that the Defendants were into a Four Million Dollar building program, but also over twenty-three additional employees were hired as evidenced by the Plaintiffs' deposition and Arrowood's Affidavit.

Plaintiffs brief at pp. 18–19.

 Initially, the court notes that plaintiffs have offered no affirmative documentary evidence from the record to support

---

**8.** At this point, the court must question the remaining viability and utility of the *McDonnell Douglas/Burdine* "pretext" analysis. The Supreme Court in *Hicks* retracted the statement in *Burdine* that a plaintiff can satisfy her burden of proving discrimination, "indirectly by showing that the employer's proffered explanation is unworthy of credence." — U.S. at —, 113 S.Ct. at 2753. Rather, to satisfy her "ultimate burden", the Court mandated that the plaintiff must present direct evidence of discrimination. *See Hicks,* — U.S. at — – —, 113 S.Ct. at 2749–51.

The question thus arises, following *Hicks,* how does the burden on the "pretext" plaintiff differ from the "pure discrimination" or "mixed motive" situation, under which she must provide some direct evidence of discrimination? That is, if "smoking gun" evidence is available, the plaintiff has no need of proceeding through the *Burdine* pretext analysis. *See Chipollini, supra,* 814 F.2d at 897. If such evidence is not available, *Hicks* states that the case will not survive summary judgment.

their pretextual arguments. As this court has instructed plaintiffs' counsel in the past, an unsigned affidavit is not entered into evidence and may not be used to defeat a motion for summary judgment. *See Pension Benefit Guaranty Corp. v. Heppenstall Co.*, 633 F.2d 293, 300 (3d Cir.1980). Thus, the unsigned Arrowood affidavit is of no use. Furthermore, plaintiffs point to nothing in the record to establish that the company was proceeding through a "four million dollar building program" or hired "twenty-three additional employees". Merely stating that the information is "evidenced in the plaintiffs' depositions" is not sufficient.[9]

However, for the sake of completeness, even assuming that plaintiffs have called defendant's proffered rationale into question, they still have not satisfied their "ultimate burden" under *Hicks*, of proving that age or sex discrimination was the "real reason" for their termination. There is nothing in the record which suggests that "but for" the age or gender of the plaintiffs, Pennsylvania Millers would not have terminated them.[10] As defendant's assert in their brief, plaintiffs have identified "no policy documents or statements of a person involved in the decision making process that reflect a discriminatory or retaliatory animus." Nor was the court upon independent review of the record able to find as much.

**"Disparate Impact" analysis**

 Finally, plaintiffs attempt to establish age and sex discrimination via a "disparate impact" analysis.[11] A "disparate impact" claim involves employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and can-

not be justified by business necessity. *Hazen Paper Co. v. Biggins*, —— U.S. ——, ——, 113 S.Ct. 1701, 1705, 123 L.Ed.2d 338 (1993). Although proof of discriminatory motive is not required under a disparate impact theory, *Id.*, a defendant may not be held liable on a claim of disparate impact on the basis of less evidence than is required to prove intentional discrimination. *Armstrong v. Flowers Hospital, Inc.*, 33 F.3d 1308, 1314–15 (11th Cir.1994), *citing Watson v. Ft. Worth Bank and Trust*, 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988). *Also see Massarsky v. General Motors Corp.*, 706 F.2d 111, 120 (3d Cir.), *cert. denied* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983) (The plaintiffs' burden with respect to a disparate impact claim is heavier than it is when disparate treatment is alleged).

 The plaintiffs' responsibility in establishing a *prima facie* case goes beyond the need to show that there are statistical disparities in the employer's work force. *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 656, 109 S.Ct. 2115, 2124, 104 L.Ed.2d 733 (1989). To establish a *prima facie* case, the plaintiff must (1) identify a specific employment practice to be challenged; and (2) through relevant statistical analysis prove that the challenged practice has an adverse impact on a protected group. *See Johnson v. U.S. Dept. of Health and Human Services*, 30 F.3d 45, 48 (6th Cir.1994), *citations omitted; Newark Branch, NAACP v. Town of Harrision*, 940 F.2d 792, 798 (3d Cir.1991). The statistical disparities must be "sufficiently substantial that they raise an inference of causation." *Armstrong v. Flowers Hospital, Inc.*, 33 F.3d 1308, 1314–15 (11th Cir.1994),

---

**9.** We note that plaintiffs did not introduce deposition testimony, answers to interrogatories or other discovery material from any of defendant's officers or officials to satisfy their burden.

**10.** In fact, the plaintiffs who applied for unemployment compensation indicated "reorganization" or "job elimination" as the basis for their ceasing to be employed by Pennsylvania Millers. *See* Dugan deposition transcript (Document 26) at p. 44, Jones deposition (Document 40, Exhibit C4) at p. 40, Mainolfi deposition (Document 27) at p. 31, Roberts deposition (Document 29) at p. 27, *and* Coslett deposition (Document 30) at p. 53.

**11.** Plaintiffs failed to set forth the applicable standards for a disparate impact case, necessitating that the court provide an outline of the applicable law. Although the Supreme Court has never decided whether a disparate impact theory is available under the ADEA, *see Armbruster v. Unisys Corp.*, 32 F.3d 768, 772 (3d Cir.1994), the Third Circuit utilized the analysis for this purpose in *Massarsky v. General Motors, Inc.*, 706 F.2d 111, 120 (3d Cir.1983). Accordingly, this court will do the same. *See Id.* at p. 129 (Sloviter, J., *dissenting*).

citing *Watson v. Ft. Worth Bank and Trust,* 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988); *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989).

■■■ Plaintiffs claim that a disproportionate amount of people laid off as part of the "structural reorganization" were in the protected categories, i.e., over the age of forty and/or women. It is listed in the declaration of Sharon Petchel that of the fourteen people who lost their position, six were under the age of forty, and five were males. The court finds that this evidence presents a "substantial" disparity sufficient to raise an inference that the facially neutral reorganization disparately impacted women and older people. Plaintiffs have therefore established their *prima facie* case.

■■■ Similarly to the pretext analysis discussed above, once plaintiffs have established a *prima facie* case of disparate impact, defendants must come forward and establish that there was a legitimate nondiscriminatory business reason for the challenged practice, or that it served, "the legitimate goals" of the employer. *See Newark Branch, NAACP, supra,* 940 F.2d at 798. As discussed above, the court finds that the declaration of Sharon Petchel sets forth a legitimate business reason for the termination of the plaintiffs.[12]

■■■ Finally, in recognition that the ultimate burden of persuasion remains with the plaintiff in a disparate impact case as well as a disparate treatment ("pretext") case, *see Newark Branch, NAACP,* 940 F.2d at 798, the plaintiffs must now present evidence which either discredits the legitimate business justification asserted by Pennsylvania Millers or suggests a viable alternative to the challenged practice which has the effect of reducing the disparate impact *and* the employer refuses to adopt the alternative. *Id., citing Wards Cove,* 490 U.S. at 660–61, 109 S.Ct. at 2126–27 (emphasis in original).

■■■ Plaintiffs have not satisfied either of these responsibilities. As discussed in the "pretext" section, above, they have not come

forward to discredit the legitimate business justification regarding the structural reorganization, nor have they suggested a "viable alternative" to the reorganization which would reduce the disparate impact upon the protected classes. *See Armstrong, supra,* 33 F.3d at 1315 (a defendant may not be held liable on a claim of disparate impact on the basis of *less evidence* than is required to prove intentional discrimination). For these reasons, plaintiffs have not set forth a material issue of fact for their disparate impact claim and the court will grant summary judgment accordingly.

As there are no material issues of fact present in the record to support any of the employment discrimination theories brought forth by plaintiffs, the court will grant Pennsylvania Millers motion for summary judgment against all claims.

12. *See* Document 24, paragraphs 11–15.