J-A08006-17

2017 PA Super 210

| CHARLES N. FINDER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | |
| Appellant | |
| | |
| v. | |
| | |
| TODD B. CRAWFORD AND JENNIFER L. CRAWFORD | |
| | |
| Appellee | No. 1228 EDA 2016 |

Appeal from the Order Entered March 15, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-09663

| CHARLES N. FINDER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | |
| v. | |
| | |
| TODD B. CRAWFORD AND JENNIFER L. CRAWFORD | |
| | |
| Appellants | No. 1372 EDA 2016 |

Appeal from the Order Entered March 15, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-09663

BEFORE: PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, J.                                    **FILED JULY 06, 2017**

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant,[1] Charles N. Finder, appeals from the order that granted summary judgment to Todd and Jennifer Crawford and dismissed Finder's complaint asserting a claim of malicious prosecution. After careful review, we agree with the trial court's conclusion that Finder failed to create a factual record capable of supporting his claim. We therefore affirm.

Finder and the Crawfords were neighbors, whose suburban driveways were separated by a thin strip of lawn. Unfortunately, they did not enjoy this proximity, and the Crawfords filed several complaints to the local police regarding Finder's behavior.

The police never filed charges against Finder, but the Crawfords ultimately filed a private criminal complaint asserting that Finder was guilty of the summary offense of harassment. The Montgomery County District Attorney's Office approved the complaint, and it proceeded to trial before Magisterial District Judge Karen Eisner Zucker.

While the Crawfords were presenting their case, Judge Zucker interrupted the proceedings and urged the parties to "settle their differences … and get along as neighbors." What happened next is disputed by the parties and forms the crux of the trial court's decision to grant summary judgment.

_____

[1] This appeal includes the consolidated cross-appeal filed by the Crawfords. For ease of reference, we will refer to Finder as the appellant and the Crawfords as appellees. We address the cross appeal later in our decision.

The Crawfords, in their motion for summary judgment, asserted that Judge Zucker presided over attempts to have the parties settle their differences and resolve the litigation amicably. In particular, the Crawfords asserted that at "the conclusion of her compromise discussions with the parties … Judge Zucker advised the Crawfords and [Finder's] counsel that, in essence, a compromise had been reached involving a conditional dismissal of the harassment charge[.]" Motion for Summary Judgment, at ¶ 10(f). The dismissal was to be conditioned upon Finder's behavior over the next month and a half.

In contrast, Finder asserted "absolutely no conditional compromise was reached." Answer to Motion for Summary Judgment, at ¶ 10(f). However, he admitted that he had "no total recollection of exactly what [Judge Zucker] said[,]" and that he had "no recollection of the judge talking about an opportunity for the parties to settle the matter[.]" *Id*., at ¶ 10(c), (e).

Both parties acknowledged that the trial was continued to a later date. The Crawfords asserted that the continuance was "an adjournment in contemplation of dismissal to which [Finder] consented, [as well as] a conditional dismissal, and a compromise between [Finder] and the Crawfords." Motion for Summary Judgment, ¶ 10(i). Finder, for his part, denied that there was "an adjournment in contemplation of dismissal[.]"

Both parties agree that shortly before the date for the rescheduled trial, the Crawfords requested that Judge Zucker cancel the trial, as they had not had any issues with Finder since the previous hearing. Judge Zucker subsequently dismissed the Crawford's private criminal complaint. Finder's counsel wrote to Judge Zucker, inquiring whether it was necessary to file a motion for judgment of acquittal. No judgment of acquittal was entered on the docket.

Finder subsequently filed the instant suit, asserting multiple claims against the Crawfords. After the Crawfords filed preliminary objections, Finder amended his complaint and asserted only a single claim premised upon malicious prosecution.

The Crawfords subsequently filed for summary judgment, asserting that Finder had not provided evidence capable of supporting a favorable verdict on his claim for malicious prosecution. Finder filed a response to the motion, and attached a "certification" that asserted several facts.

The trial court granted the motion for summary judgment, dismissed Finder's complaint, and denied the Crawfords' request for attorney's fees. Both parties filed timely appeals from the trial court's order.

On appeal, Finder challenges the trial court's dismissal of his complaint. The Crawfords challenge the trial court's refusal to award attorney's fees. We will address these issues sequentially.

First, Finder argues that the trial court erred in granting summary judgment. We review a challenge to the entry of summary judgment as follows:

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. ***See*** Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted; brackets in original).

Here, the trial court concluded that Finder had failed to adduce sufficient evidence to support his claim for malicious prosecution. We agree. Initially, we observe that the record subject to review pursuant to a motion for summary judgment is explicitly limited. Pursuant to Rule 1035.1 of Civil Procedure, the record consists of: (1) pleadings; (2) depositions, admissions, responses to interrogatories, affidavits; and (3) reports signed by expert witnesses that comply with the rules of discovery.

- 5 -

Finder contends that his "certification" qualified as an affidavit, and that it asserted sufficient facts to withstand the motion for summary judgment. In order to qualify as an affidavit, it must be "a statement … of fact or facts, signed by the person making it, that … is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities." Pa.R.C.P. 76.

The trial court concluded that Finder's "certification" does not qualify as evidence of record under the Rules of Civil Procedure as it was not signed. The "certification" contains a signature line with the phrase "/s/ original signature retained by filing party." The trial court concluded that this signature line does not constitute a signature by Finder.

Under traditional circumstances, this would be a reasonable conclusion. **See** Pa.R.C.P. 205.3. However, Finder filed his "certification" through electronic means. It therefore is subject to the dictates of Pa.R.C.P. 205.4.

Under Rule 205.4, the "electronic filing of a legal paper constitutes a certification … by the filing party that a hard copy of the legal paper was properly signed and, where applicable, verified[.]" We read this Rule as permitting a signature such as that used by Finder in this case. The rule provides that the electronic filing constitutes a certification, subject to sanctions, that the document has been properly signed and verified. If any other party doubts that the document has been properly signed or verified, it

may require the filing party to produce the hard copy for inspection. **See** Pa.R.C.P. 205.4(b)(5).

Thus, while Finder's signature line is perhaps not best practice–the filing of a scanned signature page is less likely to create additional opportunities for litigation–it is sufficient to qualify as signed under the rules. However, it does not contain an assertion that the statement is made subject to the penalties of 18 Pa.C.S.A. § 4904, unsworn falsification to authorities. Instead, it contains a statement that it is made "subject to the penalties of 18 Pa.C.S.A. § 4909[.]"

Section 4909 describes the crime of a witness or informant soliciting or accepting a bribe. Arguably, this constitutes a mere *de minimus* typographical error. But we think not. The requirement for the statement evinces a policy seeking to ensure the reliability of affidavits by making it clear to the affiant that he is subjecting himself to criminal penalties if he knowingly makes false statements.

The incorrect citation to the criminal penalty would provide an affiant with an argument that he was unaware of the applicability of criminal penalties, thereby frustrating the intent of the rule. Sometimes, the practice of law requires strict compliance. We conclude that this rule is one such instance.

As a result, the "certification" does not qualify as an affidavit under Pa.R.C.P. 76. While we disagree with part of the trial court's reasoning, we

ultimately determine that it did not abuse its discretion when it refused to consider the "certification." ***See Welsh v. National Railroad Passenger Corp.***, 154 A.3d 386, 391 (Pa. Super. 2017) (trial court did not err in refusing to consider purported affidavits that did not comply with Rule 76).

Similarly, the denials[2] in his response to the motion for summary judgment do not qualify as evidence of record. The only evidence of record under Rule 1035.1 adduced by Finder was his pleadings.

However, Finder was not entitled to merely rely on his pleadings but rather was required to set forth specific facts demonstrating a genuine issue of fact. ***See Bank of America, N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014); Pa.R.C.P. 1035.3. Thus, he utterly failed to produce *any* evidence of record to support his opposition to the motion for summary judgment. "Failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof ... establishes the entitlement of the moving party to judgment as a matter of law." ***Young v. Commonwealth Dep't of Transportation***, 744 A.2d 1276, 1277 (Pa. 2000) (citation omitted). We therefore conclude that Finder's only issue on appeal merits no relief.

Turning to the Crawford's cross-appeal, we note that they challenge the trial court's refusal to award them attorney's fees. We review the denial

---

[2] The admissions in his response qualify as evidence of record. ***See*** Pa.R.C.P. 1035.1.

of a motion for sanctions for an abuse of discretion. ***See Dean v. Dean***, 98 A.3d 637, 644 (Pa. Super. 2014). The trial court has significant discretion in determining whether to impose sanctions. ***See*** Pa.R.C.P. 1023.1, Explanatory Comment.

An award of attorney's fees is appropriate where utilized as a sanction only where it is shown that a party's conduct during the pendency of the matter was "dilatory, obdurate or vexatious," or in bad faith. ***See*** 42 Pa.C.S.A. § 2503(7); ***Thunberg v. Strause***, 682 A.2d 295, 299-300 (Pa. 1996).[3] ***See also Twp. of South Strabane v. Piecknick***, 686 A.2d 1297, 1301 (Pa. 1996) (denying sanctions in contempt case and stating, "[w]e do not believe the intent of the rule permitting the recovery of counsel fees is to penalize all those who do not prevail in an action"). A grant of summary judgment does not necessarily mean that the pleading at issue meets the definition of vexatious or arbitrary conduct. ***See Santilo v. Robinson***, 557 A.2d 416, 417 (Pa. Super. 1989).

The Crawfords first assert that the trial court only considered whether Finder had acted in bad faith in instituting this civil proceeding. They claim that the court failed to consider whether Finder's actions in initiating the

---

[3] "Arbitrary conduct is that which is based on random or convenient selection or choice rather than based upon reason or nature. Litigation is vexatious when suit is filed without sufficient grounds in either law or fact and if the suit served the sole purpose of causing annoyance. A lawsuit is commenced in bad faith when it is filed for purposes of fraud, dishonesty or corruption." ***Thunberg***, 682 A.2d at 299-300.

proceeding were vexatious, or whether Finder's continuation of the proceeding was obdurate.

Our review of the trial court's reasoning does not comport with the assertions made by the Crawfords. The trial court declined to award attorney's fees to the Crawfords as it determined that Finder's claims were "*not without any basis in law or fact* so as to exclude the possibility he was proceeding in good faith." Thus, the trial court found that Finder had a reasonable basis in law and fact to make his claims.

Based upon the record before us, we cannot conclude that this was an abuse of the trial court's discretion. Finder has consistently argued that he did not compromise on his claim of innocence before Judge Zucker. His failure to establish this claim sufficiently to withstand the Crawfords' motion for summary judgment may simply have been a procedural misstep, as opposed to a substantive flaw in his case. The trial court's conclusion is supported by the record and is not unreasonable.

Next, the Crawfords argue that the trial court erred in requiring that they establish bad faith to justify the award of attorney's fees. Similar to their previous argument, we conclude that this construction misidentifies the basis for the trial court's conclusion. The trial court determined that the Crawfords had failed to establish that Finder's actions had no justifiable basis in the law. It did not require them to establish bad faith. As noted above, these conclusions are supported by the record and reasonable.

Finally, the Crawfords request this Court to award them attorney's fees due to the frivolity of this appeal. While we conclude that Finder's appeal does not merit any relief, we do not conclude that his appeal was frivolous. He identified a legitimate issue with the trial court's reasoning, even though it was not sufficient to afford him relief. We therefore decline the Crawfords' request for attorney's fees.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017