J-A14022-17
J-A14023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BONNIE CRUICKSHANK-WALLACE AND WILLIAM WALLACE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| CNA FINANCIAL CORPORATION AND CONTINENTAL CASUALTY COMPANY AND COLUMBIA CASUALTY COMPANY AND JAMES S. TUPITZA, ESQUIRE AND TUPITZA & ASSOCIATES, P.C. | |
| | No. 2403 EDA 2016 |

Appeal from the Order July 11, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): No. 2013-10242

| | |
|---|---|
| BONNIE CRUICKSHANK-WALLACE AND WILLIAM WALLACE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| GERARD P. EGAN, ESQUIRE AND EGAN YOUNG LAW FIRM AND NEIL E. JOKELSON, ESQUIRE AND NEIL E. JOKELSON & ASSOCIATES | |
| | No. 2621 EDA 2016 |

Appeal from the Order Dated July 12, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): No. 2013-11158

BEFORE:  BENDER, P.J.E., BOWES AND SHOGAN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 25, 2017**

Bonnie Cruickshank-Wallace ("Wife") and William Wallace ("Husband) (collectively "Appellants") appeal from orders granting summary judgment to the defendants and dismissing these actions.  We affirm.

Both of these appeals involve the same underlying facts, so we have consolidated them for the sake of judicial economy.  Three other lawsuits are pertinent to the procedural history of these matters.

### Mercantile versus Husband and Wife

In 1998, Mercantile County Bank ("Mercantile") filed an action against Wife, Husband, and Husband's company.  Mercantile had loaned Husband and his company approximately $750,000, which was not repaid.  Mercantile joined Wife as a party defendant based upon its position that Husband had made fraudulent conveyances to her that could be used to satisfy the debt incurred by Husband and his company. The trial court in that case concluded that Wife was liable to Mercantile for $20,000 in fraudulent transfers made to her.

### Wife versus Mercantile

Even though Mercantile had prevailed against her in the action that it brought, Wife thereafter filed a lawsuit against Mercantile for abuse of process.  In that case, Wife was represented by Klehr, Harrison, Harvey, Branzburg, & Ellers ("Klehr").  Husband was not a party plaintiff, and Mercantile prevailed in the abuse of process action Wife brought against it.

- 2 -

**Wife versus Klehr**

Wife then instituted an action against Klehr for legal malpractice in connection with Klehr's representation of her in the abuse-of-process case against Mercantile. Husband was not a named plaintiff in the lawsuit against Klehr. Klehr filed a counter-claim against Wife for unpaid legal bills. Wife initially was represented by Gerard P. Egan, Esquire and the Egan Young Law Firm ("Egan"). Egan hired Neil E. Jokelson, Esquire, of Neil E. Jokelson & Associates ("Jokelson") as the expert witness in the legal malpractice suit against Klehr, and Mr. Jokelson issued an opinion that Klehr committed legal malpractice in connection with Klehr's representation of Wife in her case against Mercantile. Klehr was granted summary judgment on Wife's legal malpractice claim.

After summary judgment was entered against Wife on her cause of action, Wife fired Egan and hired Anne DelCollo, Esquire. Ms. Delcollo defended Wife on the counter claim presented by Klehr, but Klehr prevailed and was awarded unpaid legal fees in the amount of $46,661.31.

Wife terminated the services of Ms. DelCollo and hired James S. Tupitza of Tupitza and Associates PC ("Tupitza") for purposes of appealing the trial court's decisions. Tupitza did not file a court-ordered Pa.R.A.P. 1925(b) statement, and Wife did not prevail in her appeal in the Klehr lawsuit.

**Present Two Actions**

Husband and Wife filed a legal malpractice case at civil action number 2013-11158 against Egan and Jokelson, and they have proceeded *pro se* throughout these proceedings. Even though the pleadings averred that Egan and Jokelson committed malpractice in connection with Wife's case against Klehr, Husband and Wife maintained that they did not need the testimony of an expert witness to establish the merits of their case. The trial court granted summary judgment in favor of Egan and Jokelson. The appeal at 2621 EDA 2016 followed.

At civil action number 2013-10242, Husband and Wife sued Tupitza and three insurance companies, CNA Financial Corporation, Continental Casualty Company, and Columbia Casualty Company (the "Insurers"). Husband and Wife alleged that the Insurers were the legal malpractice carriers for both Tupitza and Klehr, and that the Insurers conspired to have Tupitza commit legal malpractice in the litigation filed by Wife against Klehr. The conspiracy for Tupitza to commit malpractice purportedly was formed to prevent Wife from prevailing against Klehr, which would have been detrimental to the Insurers. Husband and Wife claimed in that case that they did not require the testimony of an expert witness to prove that Insurers and Tupitza conspired for Tupitza to commit malpractice. The trial court concluded that an expert witness was necessary to pursue the claim of

- 4 -

legal malpractice, and it granted summary judgment to defendants therein.

The appeal at 2403 EDA 2016 followed.

**Appeals**

In the appeal involving Egan and Jokelson as Appellees, Appellants raise these issues:

1. Whether to REVERSE Judge Mahon 1925(b) Order (Exh. C) "deemed waived" the Wallaces' Concise Statement of rulings challenged?

2. Whether to REVERSE Judge Mahon summary judgment Order (Exh. A) "claims against all Defendants fail for failure to certify expert testimony is required" and Rule 1033 Motion to Amend Complaint filed April 1, 2016, is DENIED" and p 3 para. 3 " Mr. Wallace has no legitimate interest in the suits brought against Defendants Egan and Jokelson "?

3. Whether to REVERSE Judge Mahon Order (Exh. B) "all outstanding Motions are DENIED as moot" with regard only to the following motions (set forth in the 1925(b) Concise Statement)? and either GRANT these motions as a matter of law or remand these motions for first time consideration on their merits:

> (1) 9/25/15 second motion in this case to disqualify Marshall Dennehey law firm for conflict of interest and intentional spoliation of subpoenaed documents?

> (2) Rule 4019 sanctions against Jokelson for intentional spoliation of subpoenaed documents?

> (3) for summary judgment against Jokelson and Egan?

Appellants' brief at 2 (2621 EDA 2016).

Appellants present these averments as to the disposition of their lawsuit against Tupitza and the Insurers:

- 5 -

1. Whether to REVERSE Judge Mahon 1925 (b) Order (Exh. D) "deemed waived" the Wallaces' Concise Statement of rulings challenged?

2. Whether to REVERSE Judge Mahon summary judgment Order (Exh. A) "claims against all Defendants fail for failure to certify expert testimony is required?

3. Whether to REVERSE Judge Mahon Order (Exh. B) "all outstanding Motions are DENIED as moot" with regard only to the following motions (set forth in the 1925(b) Concise Statement)? and either GRANT these motions as a matter of law or remand these motions for first time consideration on their merits:

> (1) Pa.R.C.P. 1033 amend their 2d Amended Complaint?

> (2) reconsideration of Judge Cody Order (Exh. C) sustaining CNAF preliminary objection regarding jurisdiction of CNAF?

> (3) Rule 4019 sanctions against Tupitza for intentional spoliation of subpoenaed documents? and summary judgment motion against Tupitza?

> (4) Rule 4019 sanctions against Continental /Columbia for repeated refusal to be Rules 4007.1(e) deposed re. 4007.1(d)(1) requested documents? and summary judgment motion against the three CNA Defendants?

> (5) 9/25/15 second motion in this case to disqualify Marshall Dennehey for a conflict of interest as well as intentional spoliation of subpoenaed documents?

Appellants' brief at 2 (2403 EDA 2016).

The crucial positions of Appellees, Egan, Jokelson, Tupitza, and Insurers, in these appeals are identical. First, Appellees argue that Appellants waived all their issues by filing an impermissibly vague Pa.R.A.P.

- 6 -

1925(b) statement. Appellees alternatively maintain that summary judgment was properly granted in these cases as Appellants needed the opinion of an expert witness to prevail.

Even though the trial court herein concluded that Appellants' Pa.R.A.P. 1925(b) statement was too vague and confusing, we decline to find waiver and prefer to address the merits of the trial court's decision to grant summary judgment in these actions. While Appellants present prolix and confusing argument on the pertinent issues, we agree with Appellees that the dispositive issue herein is whether Appellants are correct in their assertion that they do not need expert testimony in order to establish the merits of their claims in these lawsuits. We conclude that, absent expert testimony, Appellants cannot establish the merits of their legal malpractice claims. We therefore affirm.

This Court may overturn an order granting summary judgment if the appealing party establishes that the court either committed an error of law or abused its discretion. *Finder v. Crawford*, 2017 PA Super 210, 2017 WL 28740492017 (filed July 6, 2017) (citation omitted).

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient

evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Id*. (citation omitted).

In their case against Egan and Jokelson, Appellants averred that those defendants committed malpractice in connection with activities in Wife's case against Klehr. As to the lawsuit with Tupitza and Insurers as defendants, Appellants alleged that Insurers and Tupitza conspired for Tupitza to commit legal malpractice so that Wife could not prevail against Klehr in Wife's legal malpractice case against Klehr. As we articulated in ***Sokolsky v. Eidelman***, 93 A.3d 858, 862 (Pa.Super. 2014) (citation omitted), "a legal malpractice action in Pennsylvania requires the plaintiff to prove that she had a viable cause of action against the party she wished to sue in the underlying case and that the attorney she hired was negligent in prosecuting or defending that underlying case (often referred to as proving a 'case within a case')." Accordingly, Appellants must satisfy the following tripartite test: "1) Employment of the attorney or other basis for a duty; 2) **the failure of the attorney to exercise ordinary skill and knowledge**; and 3) that such negligence was the proximate cause of damage to the plaintiff." ***Id***. (emphasis added).

In both of these cases, Appellants have consistently and adamantly maintained that they do not need an expert witness. Our Supreme Court observed in *Rizzo v. Haines*, 555 A.2d 58, 66 (Pa. 1989), "expert testimony is essential" in a case involving breach of a standard of care when the question of whether the defendant failed to exercise ordinary skill and knowledge is beyond the knowledge of the average person. Only when the issue is simple and the lack of skill is obvious can a plaintiff dispense with an expert opinion to establish malpractice. *Id*. Essentially, the lack of skill rendered by a professional must be self-evident or a plaintiff's failure to adduce expert testimony is fatal to his case. *See Vazquez v. CHS Prof'l Practice, P.C.*, 39 A.3d 395 (Pa.Super. 2012).

In their appeals, Appellants fail to even delineate how the performance of Egan and Jokelson was substandard in the matter of Wife against Klehr. Thus, Appellants have not proven that breach of the applicable standard by Egan and Jokelson was so obvious that an ordinary layperson would understand that they exercised a lack of ordinary skill. As to Insurers and Tupitza, the malpractice concerned Tupitza's failure to file a Pa.R.A.P. 1925(b) statement. A layperson would not know what a Pa.R.A.P. 1925(b) statement is, nor would they understand its legal significance. Thus, whether Tupitza committed malpractice when he did not file a Pa.R.A.P. 1925(b) statement would not be obvious to an ordinary person, and expert testimony on that issue is required. We recognize that Appellants averred

the existence of a conspiracy among Insurers and Tupitza, but the supposed object of that conspiracy nevertheless was for Tupitza to commit malpractice. Hence, whether Tupitza deviated from the applicable professional standard of care remains an element of their case.

We also observe that Appellants have completely overlooked that they must prove the merits of their case within a case, which was outlined in *Heldring v. Lundy Beldecos & Milby, P.C.*, 151 A.3d 634, 641–42 (Pa.Super. 2016), noting that a "legal malpractice action is distinctly different from any other type of lawsuit brought in the Commonwealth . . . because a plaintiff must prove a case within a case[.]" Specifically, the plaintiff averring legal malpractice must "establish by a preponderance of the evidence that he would have recovered a judgment in the underlying action." *Id*. at 641-42. Therefore, "only after the plaintiff proves he would have recovered a judgment in the underlying action" can the plaintiff "proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action and that negligence was the proximate cause of the plaintiff's loss since it prevented the plaintiff from being properly compensated for his loss." *Id*. at 642.

Appellants wholly overlook that they must establish in these lawsuits that Klehr committed malpractice and that they would have prevailed in their abuse of process case against Mercantile if Klehr had not deviated from the

applicable standard of care. Appellants were required to present expert testimony to establish that Klehr improperly litigated Wife's case against Mercantile and that Wife would have prevailed against Mercantile absent Klehr's deficit performance. Simply put, Appellants needed the opinion of an expert witness in their case within a case.

Appellants' argument is identical in these two appeals. Their first position is that their cases are not premised upon malpractice but an intentional tort committed by the Appellees herein, which obviates the need for expert testimony. Appellants' brief at 17 (2403 EDA 2016); Appellants' brief at 18 (2621 EDA 2016). First, Appellants mischaracterize their lawsuits. The torts averred require them to prove that the defaults committed by Klehr in the abuse-of-process case caused Wife to lose, and that Appellees' actions in the legal malpractice case against Klehr resulted in Wife's loss in that case, where she would have prevailed absent the activities of Appellees. The lawsuits at issue in these appeals do not involve intentional torts.

In support of this proposition, Appellants rely upon **Smith v. Griffiths**, 476 A.2d 22 (Pa.Super. 1984), which does not advance their cause. Therein, Smith filed a lawsuit against Griffiths, who was representing Smith's wife in a marital case. Smith averred that Griffiths defamed him in connection with averments made in the marital case and that Griffiths caused injury to Smith by giving incorrect legal advice to Smith's wife. Griffiths filed preliminary objections, which were granted. We concluded

that anything stated by Griffiths in the divorce case as to Smith was protected by an absolute privilege; hence, Smith did not have a cause of action for defamation. We upheld the dismissal of the averments regarding legal advice given to Smith's wife on the basis that Griffiths owed no duty to Smith in connection with the legal counsel given to Smith's wife. The case in question did not discuss, to any extent, the need for expert testimony for intentional torts.

Appellants also assert that their lawsuits do not contain professional negligence claims, but allege "intentional misrepresentation," which "does not set forth a professional liability claim, and "promissory esttoppel [sic]," which also is not a position that Appellees deviated from an acceptable professional standard. Appellants' brief at 17 (2403 EDA 2016); Appellants' brief at 18 (2621 EDA 2016).

We reject Appellants' position that their complaints set forth viable causes of action for intentional misrepresentation or promissory estoppel. Appellants did not offer a single statement or promise made by Appellees to support their suggestion that these two actions involve intentional misrepresentation or promissory estoppel. They violated Pa.R.C.P. 1019(a) by cursorily asserting intentional misrepresentation and promissory estoppel causes of action but not setting forth the "material facts on which [their] cause of action" was based. Pa.R.C.P. 1019(a) ("The material facts on which a cause of action or defense is based shall be stated in a concise and

summary form.")  "Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." **Lerner v. Lerner**, 954 A.2d 1229, 1235 (Pa.Super. 2008).  Appellants' complaints did not contain causes of action for intentional misrepresentation and promissory estoppel because they failed to aver the specific facts essential to support those claims.  Likewise, on appeal, Appellants fail to delineate any statement or promise made by any Appellee that would constitute an intentional misrepresentation or support a cause of action for promissory estoppel.  The present cases are straightforward legal malpractice cases. **Cf. Krauss v. Claar**, 879 A.2d 302 (Pa.Super. 2005) (claims against attorney did not constitute professional liability claims).

Finally, Appellants suggest that when the "claim is for 'negligence rising to the level of gross incompetence' no expert testimony is required." Appellants' brief at 17 (2403 EDA 2016); Appellants' brief at 18 (2621 EDA 2016).  Appellants cite **Smith v. Yohe**, 194 A.2d 167 (Pa. 1963), involving the doctrine of *res ipsa loquitur*, which applies when the negligence is obvious and speaks for itself.  We have delineated above that the malpractice in these lawsuits is not so obvious that an ordinary layperson would be able to ascertain that the Appellees committed malpractice. Appellants did not even assert what Egan and Jokelson did that would

constitute such an obvious deviation from the standard of care that expert testimony was unnecessary. A layperson would not be able to ascertain that Tupitza's action was obviously a breach of the applicable standard of care. Additionally, Appellants do not advance how Klehr's deficient performance in the abuse-of-process case against Mercantile was so obvious that an ordinary person would understand that Klehr deviated from the applicable standard of care and that Wife would have prevailed against Mercantile absent Klehr's malpractice. We thus reject Appellants' position that they do not need the testimony of an expert witness in these actions to establish the merits of their cases, and we affirm the trial court's decision to grant summary judgment to the Appellees herein.

Appellants also suggest that they should be afforded the opportunity to amend their complaints. We set forth in **Hill v. Ofalt**, 85 A.3d 540, 557 (Pa.Super. 2014), that "the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." In the present case, Appellants wholly fail to delineate how they could have amended their complaints to successfully assert a cause of action. Appellants' brief at 14-15 (2403 EDA 2016); Appellant's brief at 15-16 (2621 EDA 2016). They merely block quote principles applicable in the summary judgment context to amendment of complaints. Since Appellants do not set forth how there was a reasonable possibility, absent expert

testimony, that amendment would have enabled them to set forth a viable cause of action, we decline to grant them the opportunity to amend.

As these actions were properly dismissed due to Appellants' insistence that they can proceed without an expert opinion, Appellants' remaining issues are moot.

Orders affirmed.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>9/25/2017</u>