J-S63013-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| DONNA BUCCIALIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KARDANGO, INC., LUIS C. GONZALEZ, M.D., AND PARKWAY MEDICAL OFFICE | |
| | No. 1824 WDA 2016 |

Appeal from the Order Entered November 14, 2016
In the Court of Common Pleas of McKean County
Civil Division at No(s): 122 CD 2014

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    FILED OCTOBER 17, 2017

Donna Buccialia appeals from the November 14, 2016 order granting summary judgment in favor of Appellees, Kardango, Inc., Luis C. Gonzalez, M.D., and Parkway Medical Office, and dismissing the action. We affirm.

On February 21, 2014, Appellant instituted this lawsuit against Kardango, Inc., Luis C. Gonzalez, M.D., Bradford Family Medicine, Inc., and Parkway Medical Office. She sought to recover damages for injuries that she sustained on February 26, 2012. In the complaint, Appellant alleged that, on the day in question, she slipped, fell, and injured herself on an accumulation of ice and snow in the parking lot of 181 Interstate Parkway, Bradford, Pennsylvania (the "real estate"). Appellees were the owners or possessors of the real estate in question, and purportedly were negligent in

permitting the snow and ice to accumulate on that property. Bradford Family Medicine, Inc. was granted summary judgment after it established that in 2005, it moved to a new location in Bradford, and had no relationship to the real estate after that time.

On September 22, 2016, Appellees filed a motion for summary judgment, indicating the following. The accident in question occurred on a Sunday, when the business establishment located on the real estate was closed. At her August 10, 2016 deposition, Appellant conceded that she never obtained permission to use the parking lot, and that, before she started to walk on the parking lot on February 26, 2012, she saw that the parking lot had approximately two inches of ice and snow on it. Motion for Summary Judgment, 9/22/16, at Exhibit A, page 18. Appellant specifically articulated that, when she was looking ahead at the parking lot and before she started to walk on it, she saw both the snow and the ice. Id.

In their motion for summary judgment, Appellees averred that, in light of this admission, Appellant proceeded in the face of the known risk that caused her to fall, and that they did not owe her a duty of care. On October 28, 2016, Appellees' motion for summary judgment was granted and the complaint against Appellees was dismissed. Appellant filed a motion for reconsideration, the motion was denied, and Appellant filed this timely appeal on November 28, 2016. She raises one issue for our consideration:

1. Whether the lower court erred and/or abused its discretion when it granted summary judgment to the Defendants/Appellees and usurped the role of the jury to resolve genuine issues of material fact pertaining to Ms. Buccialia status on the property.

Appellant's brief at

Appellant claims that the trial court improperly granted summary judgment based on its conclusion that she was a trespasser. Her position on appeal is that there is a genuine issue of material fact as to whether she was a trespasser or a licensee when she slipped and fell on the real estate. She notes that her deposition established that she traversed the parking lot regularly, both when the medical office was open and closed. Appellant contends that Appellees gave her implicit permission to enter the parking lot, rendering her potential status as that of licensee and creating a duty on the part of Appellees in connection with the condition of their property.

Appellant fails to recognize that whether she was a trespasser or a licensee is immaterial to her right to recover. Assuming, arguendo, that she had permission to walk on the parking lot and her status was that of licensee, Appellees still did not owe her a duty of care. Our analysis follows.

This Court may overturn an order granting summary judgment if the appealing party establishes that the court either committed an error of law or abused its discretion. Finder v. Crawford, 2017 PA Super 210, 2017 WL 28740492017 (filed July 6, 2017) (citation omitted).

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. See Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Id. (citation omitted).

It is settled law that the "duty of a possessor of land toward a third party entering the land depends upon whether the entrant is a trespasser, licensee, or invitee." Stapas v. Giant Eagle, Inc., 153 A.3d 353, 365 (Pa.Super. 2016) (citation omitted). In this appeal, Appellant claims that the trial court found that she was a trespasser, but there was sufficient evidence to create the inference that she was a licensee. She relies upon her pattern of using the parking lot and the lack of "no trespassing" signs in that area. A trespasser is defined as a "person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise." Restatement (Second) of Torts § 329. A "licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent." Restatement (Second) of Torts § 330. Appellant herein maintains that, due to the existence of a genuine issue of

material fact as to whether she has implicit consent to use the parking lot, summary judgment was improperly granted.

We will assume, for purposes of this appeal, that Appellant's status as of February 26, 2012 was that of licensee when she traversed the parking lot in question. The flaw in Appellant's position is that, even if she was a licensee, Appellees cannot be found liable for her harm.

> A possessor of land is subject to liability to his licensees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if,
>
> > (a) he should expect that they will not discover or realize the danger, and
> >
> > (b) they do not know or have reason to know of the possessor's activities and of the risk involved.

Restatement (Second) of Torts § 341.

In this case, Appellant conceded that the snow and ice was obvious. Thus, Appellees would have no reason to expect that Appellant would not have discovered and realized the dangers of walking on snow and ice in their parking lot. Furthermore,

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> > (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved.

Restatement (Second) of Torts § 342 (emphasis added).

As we observed in *Cresswell v. End*, 831 A.2d 673 (Pa.Super. 2003), the "conjunctive wording of section 342 indicates that a possessor of land is subject to liability only if all three criteria are present." In this case, Appellant claimed that she fell on ice, but she admitted that she had actual knowledge of the condition of the land and the risk involved when she entered the parking lot:

> Q. Actually I want you to describe when you say the lot was snow and icy –
>
> A. Uh-hum.
>
> Q. – were you able to see that before you walked onto the lot?
>
> A. Yes, because I'm looking ahead.
>
> Q. So you saw the snow and ice as you started walking?
>
> A. Yeah, I saw everything, yes. . . .
>
> Q. How much snow and ice?
>
> A. I don't know. Maybe about two inches.

Motion for Summary Judgment, 9/22/16, at Exhibit A, page 18. *Id.* at 21 (Appellant stating that it was "icy and snowy" so she was "trying to be very careful").

Thus, Appellant conceded that she saw both the snow and ice and decided to enter the parking lot and walk on the ice. Since Appellant knew of the condition of the land and the risk of falling on ice, Appellees, as possessors of land, did not owe her a duty of care. Our decision in Ott v. Unclaimed Freight Co., 577 A.2d 894 (Pa.Super. 1990), is dispositive. Therein, the plaintiff was aware of snow and ice in a parking lot and proceeded to cross the ice, slipping and falling. We concluded that the possessor of land did not owe the plaintiff a duty since she voluntarily proceeded in the face of a known risk by traversing the ice. As the trial court herein did not commit an error of law or abuse of discretion in granting summary judgment to Appellees and dismissing this lawsuit, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017