J-A07034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANK SURDY, ADMINISTRATOR OF THE ESTATE OF JOSEPH F. SURDY, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| | : : | No. 534 MDA 2025 |
| STEVE MILLER | : | |

Appeal from the Order Entered March 20, 2025
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2016-02410

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:          **FILED: APRIL 13, 2026**

Appellant, Frank Surdy, administrator of the estate of Joseph F. Surdy, deceased, appeals from the trial court's order granting summary judgment in favor of Appellee, Steve Miller.  We affirm.

Appellant filed a praecipe for writ of summons on April 13, 2016, followed by a complaint on December 14, 2020.  After Mr. Miller filed preliminary objections, Appellant filed an amended complaint on April 20, 2021, in which he brought survival and wrongful death actions against Mr. Miller.  Appellant alleged, among other things, Mr. Miller was hired to perform repairs on an apartment adjoining Decedent's apartment in April 2015.  Amended Complaint, 4/20/21, at ¶¶ 4-5.  According to Appellant, on April 13, 2015, Mr. Miller accessed Decedent's apartment from the adjoining apartment

in order to burglarize it. **See id.** at ¶¶ 5-6.[1] Appellant averred Decedent caught Mr. Miller in his apartment during the burglary, and Mr. Miller then "violently and brutally assaulted and battered the Decedent with great force, causing the Decedent to suffer a heart attack and to fall with great force and violence onto the floor, causing the Decedent to sustain the personal injuries leading to his death…." **Id.** at ¶ 8; **see also id.** at ¶¶ 6-7. Appellant conveyed Decedent died in his apartment on April 14, 2015. **Id.** at ¶ 4.

After Mr. Miller's preliminary objections were overruled, Mr. Miller filed an answer with new matter. Therein, *inter alia*, Mr. Miller "denied [he] accesse[d] Decedent's apartment while Decedent was living." Answer, 3/8/22, at ¶¶ 11, 14. In Mr. Miller's new matter, he alleged Decedent died of natural causes, and claimed Appellant possesses an autopsy report confirming that evidence of gross external trauma was absent; Decedent's body lacked significant identified external or internal trauma; no additional significant trauma or somatic disease contributed significantly to Decedent's death; and Decedent died as a result of arteriosclerotic coronary vascular disease. **Id.** at ¶¶ 30-34. Appellant thereafter filed a reply to Mr. Miller's new matter.

On January 12, 2024, the trial court entered an order setting forth the following deadlines:

Written [d]iscovery completed by March 29, 2024[;]

---

[1] Confusingly, other allegations in the amended complaint suggest the purported burglary occurred on April 14, 2015. Amended Complaint at ¶¶ 4, 5, 16.

> Depositions completed by May 31, 2024[;]
>
> [Appellant's] production of expert reports by June 30, 2024[;]
>
> [Mr. Miller's] production of expert reports by July 31, 2024[;]
>
> Dispositive motions filed on or before August 15, 2024[;]
>
> Certificate of [r]eadiness to be file[d] on or before September 1, 2024, if no dispositive motion filed.

Order, 1/12/24 (single page).

On September 3, 2024, Appellant filed a certificate of readiness for trial. On September 25, 2024, Mr. Miller filed a motion to strike the certificate of readiness and requested leave to file a motion for summary judgment. Over Appellant's objection, the trial court subsequently ordered dispositive motions shall be filed no later than February 28, 2025.

On February 25, 2025, Mr. Miller filed a motion for summary judgment, arguing there is "no evidence" Mr. Miller "'violently and brutally assaulted and battered the Decedent with great force, causing the Decedent to suffer a heart attack and fall with great force and violence onto the floor, causing the Decedent to sustain the … injuries leading to his death' as alleged by [Appellant]."  Motion for Summary Judgment, 2/25/25, at ¶ 15 (quoting Amended Complaint at ¶ 8).  Mr. Miller also claimed Appellant "has not produced any expert report which causally connects any action of [Mr. Miller] to any harm suffered by [Decedent] or to the death of [Decedent]." *Id.* at ¶ 10.  *See also id.* at ¶ 18 ("[T]here is no evidence to support [Appellant's] allegations against [Mr. Miller,] and [Appellant] has failed to present unequivocal medical evidence to establish any causation between the actions

of [Mr. Miller] and [Decedent's] death."); Mr. Miller's Brief in Support of Motion for Summary Judgment, 2/25/25, at 3-4 ("There is no evidence that [Mr. Miller] harmed [Decedent] in any way.") (unnumbered).

Appellant thereafter filed a brief in opposition, in which he presented no evidence to support his claims. On March 20, 2025, the trial court entered a memorandum and order granting Mr. Miller's motion for summary judgment.[2] It determined "there is no obvious causal relationship … between the acts complained of … and the [D]ecedent's fatal heart attack. In the absence of qualified medical testimony to establish causation, [Appellant] cannot recover." Trial Court Opinion, 3/20/25, at 4-5. On April 21, 2025, Appellant filed a timely notice of appeal.[3] The trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement, and Appellant timely complied. The trial court issued a Rule 1925(a) opinion, relying on the reasoning it provided in its March 20, 2025 memorandum and order.

_____

[2] Although the trial court filed the memorandum and order on March 19, 2025, notice pursuant to Pa.R.Civ.P. 236(b) was not given until March 20, 2025. *See* Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).").

[3] The end of the thirty-day appeal period fell on Saturday, April 19, 2025. Appellant therefore had until Monday, April 21, 2025, to file his notice of appeal. *See* Pa.R.J.A. 107(b) ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."); Pa.R.A.P. 107 (effective Jan. 1, 2024) ("In the construction of the Pennsylvania Rules of Appellate Procedure, the principles set forth in Pa.R.J.A. 104 to 115 shall be observed.") (footnote omitted).

On appeal, Appellant raises the following issues for our review:

1. Did the court below err as a matter of law or abuse its discretion in granting [Mr. Miller's] motion for summary judgment?

2. The lower court erred as a matter of law and/or abused its discretion in failing to find that disputes existed as to the facts and … Appellant raised plausible meritorious facts on the elements of … his causes of action, and that when viewed in the light most favorable to Appellant, [they] would cause a reasonable jury to hold in … Appellant's favor on those particular elements.

3. Did the court below err as a matter of law or abuse its discretion in failing to find that expert medical testimony was not required to prove the causal relationship between the trauma sustained and the resulting injury to the [D]ecedent where that relationship between the trauma and injury was "obvious" to an average factfinder?

Appellant's Brief at 3 (unnecessary capitalization omitted).

We address Appellant's issues together. Appellant argues his amended complaint "lays out specific facts that a trier-of-fact could reasonably find constitute the elements of [Appellant's] causes of action…." *Id.* at 17. He insists "[t]here is no question that even the discovery that was completed and the pleadings[] make it clear that material facts are at issue in this case…." *Id.* at 18. He also claims expert medical testimony is not necessary to prove causation when the connection between the event and the injury or condition is sufficiently obvious to the average person. *Id.* at 19 (citation omitted).

We recognize:

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the

- 5 -

moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

***Gerber v. Piergrossi***, 142 A.3d 854, 858 (Pa. Super. 2016) (cleaned up).

Motions for summary judgment are governed by Pa.R.Civ.P. 1035.2.

Rule 1035.2 sets forth:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.Civ.P. 1035.2.

Additionally, Rule 1035.3 addresses responses to motions for summary judgment. Rule 1035.3 provides, in relevant part:

(a) [T]he adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

Pa.R.Civ.P. 1035.3(a)-(c) (formatting modified).

Here, Mr. Miller argued in his summary judgment motion that the record contains insufficient evidence he caused Decedent's death, thereby invoking Rule 1035.2(2). Accordingly, to defeat this motion, Appellant had to produce evidence that would allow a fact-finder to conclude Mr. Miller caused Decedent's death pursuant to Rule 1035.3(a)(2). Yet, in response to the summary judgment motion, Appellant produced no evidence to support his claim Mr. Miller caused Decedent's death. The record is devoid of any evidence showing Mr. Miller, while burglarizing Decedent's apartment in April 2015, injured Decedent and brought about his fatal heart attack.[4] Appellant also offered no reasons as to why he could not present this evidence and did not propose to take any specific action to obtain such evidence. Instead, after years of litigation, Appellant merely relied on the allegations he made in the amended complaint. ***See generally*** Brief in Opposition to Motion for Summary Judgment, 3/14/25. As Appellant did not proffer sufficient evidence to permit a finding Mr. Miller caused Decedent's death, the entry of summary

---

[4] ***See also*** Mr. Miller's Brief at 3 (noting the lack of "affidavits, depositions, expert reports[,] or other evidence to support [Appellant's] allegations … [Mr. Miller] harmed Decedent").

judgment in favor of Mr. Miller was proper under Rule 1035.2(2). ***See Finder v. Crawford***, 167 A.3d 40, 44 (Pa. Super. 2017) ("Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.") (citation omitted). We therefore affirm the trial court's order entering summary judgment in favor of Mr. Miller.[5]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/13/2026

---

[5] Without any evidence Mr. Miller caused Decedent's death, we need not consider the question of whether an expert was needed in this case. To the extent our reasoning differs from the trial court's rationale, "we may affirm a trial court's ruling on any basis supported by the record on appeal." ***Lynn v. Nationwide Ins. Co.***, 70 A.3d 814, 823 (Pa. Super. 2013) (citation omitted).