J-S31044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GARY SPATAFORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SUGARHOUSE HSP GAMING, L.P. | : | No. 237 EDA 2025 |

Appeal from the Order Entered December 23, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 23002031

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 23, 2026**

Appellant Gary Spatafore appeals from the order granting summary judgment in favor of Appellee Sugarhouse HSP Gaming, L.P., and dismissing Appellant's employment-based disability discrimination and retaliation claims. We affirm in part, vacate in part, and remand for further proceedings.

The trial court summarized the relevant facts of this case as follows:

On or about October 5, 2018, Appellant suffered a heart attack while employed [by Appellee] as a facilities shift manager. Appellant alleges that over the next several years he was denied a promotion [to the position of facilities manager] because of his heart attack; did not receive an accommodation for his alleged condition in a timely manner; and experienced retaliation by Appellee for filing two . . . actions with the Pennsylvania Human Relations Commission [(PHRC), as well as two related Equal

Employment Opportunity Commission (EEOC) actions,] against Appellee prior to commencing this lawsuit. [1]

Trial Ct. Op., 3/17/25, at 1-2 (some formatted altered).

Appellant raised five counts in his complaint: (1) age discrimination: failure to promote; (2) disability discrimination: failure to promote; (3) age discrimination: unequal pay; (4) disability discrimination: failure to provide accommodation; and (5) retaliation. **See** Compl., 8/17/23, at 4-8.

_____

[1] We note that the Pennsylvania Human Relations Act (PHRA) provides that "any complaint filed pursuant to this section must be so filed within [180] days after the alleged act of discrimination[.]" 43 P.S. § 959(h). Further,

> [i]n cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the [PHRC], the [PHRRC] dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the [PHRC] must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

43 P.S. § 962(c)(1).

Here, the record reflects that Appellant filed a complaint with the PHRC on September 27, 2019, amended June 2, 2020 and April 26, 2021, alleging that Appellee discriminated against Appellant "on or about April 9, 2019" by hiring a candidate who had "no history of cardiac complications" for the facilities manager position that Appellant had applied for. Appellee's Mot. for Summ. J., 10/7/24, Exs. Q, R, and S. The PHRC dismissed Appellant's PHRA complaint by letter dated August 19, 2021. **See id.** at Ex. T. It therefore appears that Appellant filed a timely complaint of discrimination with the PHRC and that PHRC's dismissal of that complaint established the conditions for Appellant to bring the instant complaint before the trial court. **See** 43 P.S. §§ 959(h) and 962(c)(1).

With respect to the disability discrimination: failure to promote claim, Appellant alleged that his "protected class is disability, his status of having experienced a heart attack[]" and "he was fully able to carry out the job duties" of both his position as facilities shift manager and the open position of facilities manager. *Id.* at 5. He further alleged that on or about January 19, 2019, Appellee's director of facilities and Appellant's supervisor, Seung Kim, stated to Appellant "that since [Appellant] had experienced a heart attack, [Mr. Kim] did not feel [Appellant] would be up to the duties of the new position." *Id.* at 4. Appellant alleged that Appellee subsequently hired Thomas Ambrose, an external candidate, for the facilities manager position, and that Mr. Ambrose "had no history or cardiac complications or illnesses." *Id.* at 4.

On September 18, 2023, Appellee removed the matter to federal district court. *See* Notice of Removal, 9/18/23. On June 11, 2024, the district court for the Eastern District of Pennsylvania granted summary judgment to Appellee on Appellant's two claims of age discrimination and remanded the remaining claims to the trial court. *See* Order, 23-CV-03611, 6/11/24. On July 1, 2024, the trial court set a discovery deadline for September 3, 2024. *See* Trial Ct. Order, 7/1/24. On October 2, 2024, the parties stipulated to the dismissal with prejudice of the claims disposed of by the district court. *See* Stipulation, 10/2/24. On October 7, 2024, Appellee moved for summary judgment and dismissal of all remaining claims. *See* Appellee's Mot. for Summ. J., 10/7/24.

In the motion for summary judgment, Appellee attached exhibits which included excerpts from the depositions of Mr. Kim and Appellant, as well as Mr. Ambrose's resume. *See id.*, Ex. F, H, L. In his deposition, Mr. Kim testified that, in comparing the resumes of Appellant and Mr. Ambrose for the facilities manager position, "I needed somebody that could do heavy lifting in the facilities. I had confidence with Tom Ambrose[.]" *Id.*, Ex. F, at 107. The excerpts of Mr. Kim's deposition do not contain any testimony about whether Mr. Kim stated that Appellant might not be qualified for the promotion he sought due to his heart attack.

Appellant testified in his deposition that when he returned to work after his heart attack that he could "perform[ his] job without any special accommodations[]" and that, since November of 2018 through to the date of his deposition, there had been "no change in [his] ability to perform any life activities[,]" including lifting and driving. *Id.*, Ex. H, at 29, 33. Appellant testified that Mr. Kim interviewed him for the facilities manager position, and subsequent to the interview Mr. Kim told Appellant: "[Y]ou're too sick, it's too much stress, you don't want something like that, those types of statements." *Id.*, Ex. H, at 61, 63. Appellant also testified that on several occasions, Mr. Kim made comments "about [Appellant's] heart attack" or indicating that Appellant was "too sick[]" such as "'[d]on't lift too much,'" but Mr. Kim did not make similar remarks to other employees. *Id.* at 65-66. Appellant also testified that he was qualified for the open position and more qualified than Mr. Ambrose. *See id.* at 68.

On December 23, 2024, the trial court granted Appellee's motion for summary judgment on the remaining disability discrimination and retaliation claims. **See** Trial Ct. Order, 12/23/24. On December 27, 2024, Appellant filed a motion for reconsideration on the basis that Appellant's counsel had attempted to timely e-file a response to Appellee's motion for summary judgment but the filing was unsuccessful due to "a computer error or mistake that was inadvertent." **See** Appellant's Mot. for Recons., 12/27/24, at 2 (unpaginated). Appellant provided the trial court with a memorandum and exhibits responding to Appellee's summary judgment motion as exhibits to the motion to reconsider, urging the trial court to "review the grant of summary judgment with full consideration of [Appellant's] opposition[.]" **Id.** at 2-3 (unpaginated).

On January 21, 2025, the trial court entered an order denying Appellant's motion for reconsideration. **See** Trial Ct. Order, 1/21/25. Appellant filed a timely notice of appeal from the order granting summary judgment. Both Appellant the trial court complied with Pa.R.A.P. 1925.[2]

---

[2] In the first claim in his Rule 1925(b) statement, Appellant claimed that the record established that Appellee's decision not to promote Appellant was "due to [a] perceived disability attributable to [Appellant] having had a heart attack, showed the existence of a question of material fact." Appellant's Rule 1925(b) statement, 2/18/25, at 1 (unpaginated). Therein, Appellant did not address his causes of action for failure to provide an accommodation for Appellant's disability and retaliation in Rule 1925(b) statement. Therefore, any issues related to those causes of action are waived on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

On appeal, Appellant raises the following issue: "Did the trial court err in granting [Appellee's] motion for summary judgment in light of a genuine issue of fact?"  Appellant's Brief at 2.[3]

Appellant argues that the trial court erred in concluding that the complaint did not "provide adequate notice" to Appellee for the claim of "perceived disability."  *Id.* at 7 (citing Trial Ct. Op., 3/17/25 at 4-5).  Appellant acknowledges that complaints in Pennsylvania must "'give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, [as well as] formulate the issues by summarizing those facts essential to support the claim.'"  *Id.* at 10-11 (citing *Feingold v. Hendrzak*, 15 A.3d 937, 942 (Pa. Super. 2011)).  Appellant contends that his complaint met this threshold requirement as it "described the manner in which [Appellant] was perceived as disabled despite his performance being unaffected by his cardiac condition, and how that perception drove [Appellee's] decision not to promote him."  *Id.* at 7-8.  Specifically, Appellant argues that his complaint set forth "the facts necessary to establish a *prima facie* case" to state a cause of action for disability discrimination under the PHRA[4] because he alleged that his prior

_____

[3] In his appellate brief, Appellant does not reference the other two claims raised in his Rule 1925(b) statement, which addressed the denial of his motion for reconsideration.  *See* Appellant's Rule 1925(b) Statement, 2/18/25. Therefore, he has waived these claims on appeal and we need only review his failure to promote disability claim.  *See* Pa.R.A.P. 2116(a), 2119(a); *see also* *Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal); *see also* Resp. to Rule to Show Cause, 3/27/25, at 2.
[4] 43 P.S. §§ 951-963.

heart attack was a disability, he sought a promotion to the position of facilities manager, he was qualified for this position, and that Mr. Kim, who was Appellant's supervisor, told Appellant that he was too sick for the promotion as a result of his heart attack. *Id.* at 12-13.

Appellant notes that the PHRA defines 'disability' in part as "'being regarded as having an impairment. . . ' excluding the use of illicit drugs." *Id.* at 9-10 (quoting 43 P.S. § 954(p.1)(3)). Consistent with the statutory definition, Appellant argues that his complaint "unambiguously explained that the 'disability' was one that was perceived as opposed to actual" and, therefore, "the trial court erred in failing to deem the allegations of the complaint sufficient[]" to state a claim of discrimination. *Id.* at 9-10, 13.

Next, Appellant contends that Mr. Kim's statement was "direct evidence of discrimination" and, "where [a] plaintiff 'shows by direct evidence that an illegitimate criterion was a substantial factor in the decision [at issue],'" the evidentiary burden-shifting framework set forth by the United States Supreme Court in *Price Waterhouse v. Hopkins*, 490 U.S. 2285, 276 (1989) (O'Connor, J. concurring) applies. *Id.* at 13 (citing *Qin v. Vertex, Inc.*, 100 F.4th 458 (3rd Cir. 2024)[5]); *see also* Appellant's Reply Brief at 6.

---

[5] We note that Appellant cited this authority as "*Qing Qin v. Veritext*, No 23-1031 (3d. Cir. May 2, 2024)," misciting the caption and failing to provide the reporter citation and, further, pinpoint cited to page number 20, whereas the page numbers of the opinion as reported start at 458. *See* Appellant's Brief at ii, 13, 14. It appears that Appellant here cited to the opinion as issued by the Third Circuit Court of Appeals. Rule 126(a) of appellate procedure provides that when a party cites "authority that is not readily available" that party "shall attach the authority as an appendix to its filing." Pa.R.A.P. 126(a).

Lastly, Appellant argues, to the extent he is required to prove that Appellee's "claim that there were legitimate, non-discriminatory reasons for failing to promote him in 2019 were pretextual[,]" that "there was ample circumstantial evidence before the trial court to support the pretext prong" of an employment discrimination claim. Appellant's Brief at 16-17. Appellant further contends "that to survive summary judgment in the pretext stage," after a defendant has put forth a legitimate, non-discriminatory reason for its alleged discriminatory conduct, a plaintiff need only "point to some evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Appellant's Reply Brief at 8 (citing ***Kroptavich v. Pennsylvania Power and Light Co.***, 795 A.2d 1048, 1059 (Pa. Super. 2002)).

Appellee argues that the "plain language" of Appellant's complaint set forth "an actual disability discrimination claim and not a 'regarded as' disability discrimination claim." Appellee's Brief at 13. Appellee contends that, even if Appellant pled "a 'regarded as' disability discrimination claim, Appellee was still entitled to summary judgment because Appellant failed to establish that Appellee's reason for not promoting him – [i.e., Appellant] was not the most qualified candidate – was pretextual for discrimination." ***Id.*** at 14. Appellee claims that Appellant "offered no evidence to show that [Mr. Kim's] comment was related to the hiring decision for the manager position" and, therefore,

could not "establish that a discriminatory attitude was more likely than not the motivating factor in Appellee's decision to hire Mr. Ambrose and not promote Appellant." *Id.* at 18.

In reviewing a grant of summary judgment,

> [o]ur standard of review is *de novo* and our scope of review is plenary. Summary judgment is appropriate where there is no genuine issue of material fact as to a necessary element of a cause of action that can be established by discovery or expert report. Pa.R.C.P. No. 1035.2(1). In reviewing an order granting a motion for summary judgment, an appellate court must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party.

*Liberty Mut. Grp., Inc. v. 700 Pharmacy, LLC*, 270 A.3d 537, 547-48 (Pa. Super. 2022) (some citations omitted and formatting altered).

> Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Finder v. Crawford*, 167 A.3d 40, 44 (Pa. Super. 2017) (citation omitted).

Further, our Supreme Court has held:

> The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party. [*Summers v. Certainteed Corp*., 997 A.2d 1152, 1159 (Pa. 2010)]. The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and may grant summary judgment only where the right to such a judgment is clear and free from doubt. . . . An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion. *Id.* at 1159.

***Bourgeois v. Snow Time, Inc.***, 242 A.3d 637, 650 (Pa. 2020) (some citations omitted and some formatting altered); ***see also Fine v. Checcio***, 870 A.2d 850, 862 (Pa. 2005) (emphasizing that "it is not the court's function upon summary judgment to decide issues of fact, but only to decide whether there is an issue of fact to be tried" (citation omitted)).

The PHRA defines "handicap or disability" in relevant part as:

(1) a physical or mental impairment which substantially limits one or more of such person's major life activities;

(2) a record of having such an impairment; or

(3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance, . . . .

43 P.S. § 954(p.1).

This Court has explained:

Generally, claims brought under the PHRA are analyzed under the same standards as their federal counterparts. Therefore, though not binding on our state courts, federal court interpretations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, serve to inform this Court's interpretations of the PHRA. ***Fairfield Township Volunteer Fire Co. v. Commonwealth***, 609 A.2d 804 (Pa. 1992).

Established for Title VII cases, where, . . . direct evidence of discriminatory treatment is lacking, is "an allocation of the burden of production and an order for the presentation of proof" according to which a court may assess a plaintiff's indirect evidence of discrimination. ***McDonnell Douglas Corp. v. Green***, 411 U.S. 792 (1973). This Title VII burden-shifting framework as developed in ***McDonnell Douglas*** is a three-part one. First, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. The burden on the plaintiff of presenting a *prima facie* case under ***McDonnell Douglas*** is "minimal." ***James v. New York Racing Ass'n***, 233 F.3d 149, 153 (2d Cir.2000). If

- 10 -

the plaintiff cannot meet this minimal burden, the employer is entitled to judgment as a matter of law.

If the plaintiff does establish a *prima facie* case, a presumption of discrimination arises, and the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. The employer's burden in this second part is one of production, not persuasion, and thus involves no credibility assessment. If the employer articulates a legitimate business explanation, "then the presumption of discriminatory intent created by the employee's *prima facie* case is rebutted and the presumption simply 'drops out of the picture.'" **Seman v. Coplay Cement Co.**, 26 F.3d 428, 432 (3d Cir.1994) (quoting **St. Mary's Honor Ctr. v. Hicks**, 509 U.S. 502, 511 (1993)).

If the employer satisfies its burden of production, the third and final part of the **McDonnell Douglas** framework gives the plaintiff the opportunity to show that the legitimate reasons proffered by the employer were pretexts for what, in reality, was a discriminatory motivation. In the pretext discrimination case, "the employer need not prove that the tendered reason actually motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." **Fuentes v. Perskie**, 32 F.3d 759, 763 (3d Cir.1994).

**Kroptavich**, 795 A.2d at 1055 (some citations omitted).

Here, the trial court granted Appellee's motion for summary judgment on the failure to promote disability claim because it concluded that Appellant had failed to plead that he had an actual disability; failed to sufficiently set forth a claim that he was discriminated against because Appellee "regarded [him] as disabled"; and found that, even if Appellant had adequately set forth a 'regarded as disabled' claim, a reasonable jury could not conclude that Appellee's justification for hiring Mr. Ambrose instead of promoting Appellant was a pretext for discrimination. **See** Trial Ct. Op., 3/17/25, at 4-6.

After review, we are constrained to disagree with the trial court's conclusion. Viewing the record in the light most favorable to Appellant as the non-moving party, it is clear that Appellant pled and testified to the fact that his supervisor stated that Appellant was too sick for the promotion he sought; further, Mr. Kim told Appellant that he should not do heavy lifting, but did not instruct other employees to avoid heavy lifting. Appellee's Mot. for Summ. J., 10/7/24, Ex. H, at 61, 63, 65-66. Furthermore, the same supervisor interviewed Appellant for the open position. *See* Compl., 8/17/23, 2, 4-5; Appellee's Mot. for Summ. J., 10/7/24, Ex. F, at 107; Ex. H, at 29, 33. As stated above, for the purposes of the PHRA, a 'disability' includes not only an actual disability but also when individuals are "regarded as having such an impairment[.]" *See* 43 P.S. § 954(p.1)(1), (3). Therefore, as a matter of law pursuant to our *de novo* review, we conclude on this record that Appellant pled sufficient facts before the trial court to support his claim of failure to promote due to disability discrimination to avoid summary judgment for Appellee. *See id.*; *see also Liberty Mut. Grp., Inc.*, 270 A.3d at 547-48; *Finder*, 167 A.3d at 44; *Bourgeois*, 242 A.3d at 650.[6] Accordingly, we conclude that Appellant may further litigate his claim. We do not, however,

_____

[6] We note that the trial court treated "Appellant's argument that he was 'regarded as disabled' [as] untimely raised . . .[in his] response to Appellee's motion for summary judgment[.]" Trial Ct. Op., 3/17/25, at 4-5 (some formatting altered). We disagree. The record reflects that both the complaint and Appellant's deposition testimony allege that Appellee regarded Appellant as disabled; accordingly, Appellant raised the claim before Appellee motioned for summary judgment. *See* Compl., 8/17/23, at 4; Appellee's Mot. for Summ. J., 10/7/24, Ex. F, at 107; Ex. H, at 63, 65-66.

address the merits of the claim, a task ultimately reserved for the jury as fact-finder.

Additionally, the trial court determined that Appellee was entitled to summary judgment because a reasonable jury could not conclude that Appellee's proffered reason for hiring Mr. Ambrose instead of promoting Appellant was a pretext for illegal discrimination. **See** Trial Ct. Op., 3/17/25, at 5-6.

Based on our review of the record, we are again constrained to disagree with the trial court. As stated above, Appellee asserted that its decision to hire Mr. Ambrose instead of promoting Appellant was that Mr. Ambrose was more qualified than Appellant for the open position. *Id.* at 5. However, Appellant alleged and testified that he was qualified for the promotion. **See** Compl., 8/17/23, at 2; Appellee's Mot. for Summ. J., 10/7/24, Ex. H, at 68. On this record, we conclude that the facts established in the deposition testimony from Appellant and Mr. Kim could allow a jury to find that Appellant's perceived disability due to cardiac illness played a role in Appellee's decision not to promote Appellant because Mr. Kim expressed concerns about Appellant's ability to do heavy lifting and that he had more confidence in the other candidate's ability to "do heavy lifting in the facilities." **See** Appellee's Mot. for Summ. J., 10/7/24, Ex. F, at 107; Ex. H, at 61, 63, 65-66, 68. As noted, Appellant alleged that Mr. Ambrose, the successful candidate, "had no history of cardiac complications or illnesses." Compl., 8/17/23, at 4.

As a matter of law this Court is unable to conclude that a reasonable jury could not find that Appellee's justification for its hiring decision was a pretext for illegal discrimination. *See Kroptavich*, 795 A.2d at 1055; *see also Liberty Mut. Grp., Inc.*, 270 A.3d at 547-48; *Finder*, 167 A.3d at 44; *Bourgeois*, 242 A.3d at 650; *Fine*, 870 A.2d at 862. Viewing the record in the light most favorable to Appellant as the non-moving party, we find that Appellant has presented sufficient evidence to establish genuine issues of material fact concerning the failure to promote disability claim and, therefore, the trial court erred in granting Appellee's motion for summary judgment on that issue.[7] *See Liberty Mut. Grp., Inc.*, 270 A.3d at 547-48; *Bourgeois*, 242 A.3d at 650.

Accordingly, we vacate the part of the trial court's order granting summary judgment in favor of Appellee and dismissing Appellant's claim for failure to promote on the basis of disability. We affirm the trial court's order granting summary judgment in favor of Appellee on all of Appellant's other claims.

Order affirmed in part and vacated in part. Case remanded for further proceedings consistent with this memorandum upon remittal of the record. Jurisdiction relinquished.

_____

[7] As noted above, Appellant did not preserve any issues related to the trial court's order granting summary judgment in favor of Appellee on Appellant's claims of failure to provide an accommodation for his disability and retaliation in his Rule 1925(b) statement. Therefore, those claims are waived and we affirm the trial court's order with respect to those claims.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/23/2026</u>